IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 31, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

| | |
|---|---|
| BETH LAISURE, | |
|   Plaintiff, | |
| v. | Civil Action No. 5:22-cv-00054 |
| WINCHESTER ANESTHESIOLOGISTS, INC., | By: Elizabeth K. Dillon<br>United States District Judge |
|   Defendant. | |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION IN LIMINE**

For the reasons stated on the record at the May 31, 2024 hearing and for the reasons stated below, the court will GRANT the motion in limine of Winchester Anesthesiologists, Inc. (WAI) (Dkt. No. 43) as set forth in this order.

Remaining in this case are negligence claims against WAI, arising from the plaintiff's allegations that she was given an emergency cesarean section without anesthesia.[1]  (*See generally* Compl.)   The matter is set for a jury trial beginning on July 15, 2024.   In its motion, WAI asks the court "to exclude evidence regarding contract issues, including expert testimony" by two of plaintiff's experts regarding a breach of contract by WAI of the contract between it and Winchester Medical Center.

The court has reviewed the parties' briefing and heard argument on the motion at the May 31, 2024 hearing.   It took the motion under advisement pending receipt of a supplemental exhibit that plaintiff requested to file, a portion of a deposition transcript that had not been taken at the time plaintiff responded.   The court also explained, however, that it was inclined to grant the

---

[1] Some claims were dismissed by prior order of the court, and plaintiff voluntarily dismissed her claims against Winchester Medical Center, the only other defendant.   (Dkt. Nos. 28, 53, 54.)

motion. Plaintiff has since filed that exhibit (Dkt. No. 60), and having reviewed it, the court reaches the same conclusion.[2]

As the court noted at the hearing, there is no breach of contract claim in plaintiff's complaint and so some of the issues briefed by the parties, including whether plaintiff is a third-party beneficiary to the complaint between WAI and WMC, are irrelevant and not properly before the court at this time.

The court further concludes that it would be improper to allow plaintiff or her experts to rely on the contract, including its requirement that WAI provide anesthesia services to WMC, 24 hours per day, 7 days per week, 365 days a year, *in order to establish the standard of care*. Plaintiff could point to no cases in which that was held to be proper. And the court notes that, in similar circumstances, courts have expressly held that policies, procedures, educational materials for medical staff, or other agreements do not establish the standard of care, although they may be relevant for other purposes. *E.g.*, *Taylor v. O'Neil*, 92 Va. Cir. 303, 2016 WL 8254793, at *2 (Va. Cir. Ct. (Norfolk) 2016) (precluding plaintiff "from introducing evidence of an alleged breach of the Exclusive Services Agreement to an establish a breach of the standard of care, although she is not precluded from seeking to introduce at trial such evidence" for other purposes). The court takes the same approach.

Accordingly, the motion in limine is GRANTED insofar as plaintiff will not be permitted to offer evidence of the contract as establishing the standard of care. Evidence of terms of the contract or alleged breaches may be admissible, however, for other purposes. Moreover, nothing

---

[2] The deposition was of one of WAI's experts, who agreed "that the standard of care at this hospital was 24/7, 365 anesthesia coverage." (Dkt. No. 60, at 8.) This exchange then occurred:
> Q. . . Do you agree that the contract was likely signed with that provision in there as a recognition of the standard of care at a busy hospital like WMC?
> A. Busy or not, that's what they put in the contract so that's what they've agreed upon.

(*Id.*) The court does not interpret this testimony as an "admission" by defendant or even a concession by its expert that the contract itself established the standard of care.

in this ruling precludes plaintiff from introducing evidence (including from defendant's expert, *see supra* note 2) that the standard of care at this hospital "was 24/7, 365 anesthesia coverage."  But plaintiff may not use the contract itself to establish that standard.[3]

The court further notes that it may revisit its ruling, depending on the evidence elicited at trial and the context in which the evidence is offered.

## CONCLUSION AND ORDER

For the above reasons, the court hereby GRANTS WAI's motion in limine (Dkt. No. 43) as set forth above.

The clerk of court is directed to transmit a copy of this order to all counsel of record.

Entered: May 31, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] Of course, if WAI somehow opens the door to that evidence, the court may allow such evidence.